**The order below is signed.  The clerk shall hand-mail a copy to the debtor.**

   **This order does not bar the debtor's filing by February 16, 2011, a further motion--to vacate the order granting relief from the automatic stay--that sets forth grounds of defense to the motion for relief from the automatic stay.**

   **Dated: February 8, 2011.**

*S. Martin Teel, Jr.*

**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
CATHERINE COOPER-WRIGHT,       )   Case No. 10-01033
                               )   (Chapter 13)
          Debtor.              )
                               )
```

MEMORANDUM DECISION AND ORDER DENYING MOTION TO
RECONSIDER ORDER GRANTING EVERHOME MORTGAGE COMPANY
RELIEF FROM AUTOMATIC STAY AS TO REAL PROPERTY COMMONLY
<u>KNOWN AS 152 33RD STREET, N.E., WASHINGTON, DC 20019</u>

On October 20, 2010, the debtor commenced this case under Chapter 13 of the Bankruptcy Code.  Thereafter, Everhome Mortgage Company filed a motion for relief from the automatic stay as to real property located at 152 33rd Street, NE, Washington, DC 20019.  After the debtor failed to timely respond to the motion, the court entered an order granting relief from the automatic stay on February 2, 2011 (Dkt. No. 50).  On February 7, 2011, the debtor filed with the court a praecipe asking that the court reconsider its February 2, 2011, order lifting the stay, explaining that she did not receive notice of Everhome's motion because the it had been mishandled by the Postal Service (Dkt. No. 53).  The debtor attached to her praecipe a notice from the

Postal service apologizing for her damaged mail, but the notice makes no reference to which mail the notice relates and whether it even relates to the debtor's mail.

Under Federal Rule of Bankruptcy Procedure 9023, the debtor may file a motion to alter or amend a judgment within 14 days of the entry of the judgment.  In filing a motion, however, the debtor must set forth grounds that would warrant the court setting aside its prior order.  Although the debtor's motion to reconsider raises grounds that call into question whether the debtor ever received notice of the motion, because the motion fails to set forth any valid defenses to the substance of Everhome's motion seeking relief from the stay, I will deny the debtor's motion to reconsider.  For these reasons, it is

ORDERED that the debtor's motion to reconsider the court's February 2, 2010, Order Granting Everhome Mortgage relief from the automatic stay(Dkt. No. 50) is DENIED.

[Signed and dated above.]

Copies to: Debtor; Diann Green Burns, attorney for Everhome Mortgage; Chapter 13 Trustee.